

FILED
CLERK, U.S. DISTRICT COURT

NOV 1 3 2018

CENTRAL DISTRICT OF CALIFORNIA
BY                            DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

ALI ELMEZAYEN,

        Defendant.

Case No.  MJ 18-2860

ORDER OF DETENTION

Defendant's initial appearance on the criminal complaint filed in this matter took place on November 8, 2018. The Court appointed Deputy Federal Public Defender Cuauhtemoc Ortega to represent Defendant. Pursuant to Defendant's request, a detention hearing was continued to November 13, 2018.

On November 13, 2018 the Court conducted a detention hearing:

☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving any felony that is not otherwise a crime of violence that involves a minor victim, or possession or use of a firearm or destructive device or any other dangerous weapon, or a failure to register under 18 U.S.C. § 2250.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered the report and recommendation of the U.S. Pretrial Services Agency dated November 8, 2018 and November 9, 2018 .

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

      ☒    lack of viable bail resources. Here the Court does not view Defendant's offer of a surety willing to sign an $25,000 appearance bond and Defendant's offer to post approximately $250,000 - $300,000 in property that he owns sufficient to mitigate against risk of flight.

      ☒    lack of legal status in the United States

      ☒    Family and financial ties to Egypt. Defendant allegedly transferred $171,000 in fraudulent insurance proceeds to Egypt

      ☒    access to large amount of cash from sale of property

As to danger to the community:

      ☒    Allegations in present charging document include scheme to obtain insurance coverage for domestic partner and minor children and receiving insurance benefits following accidental death of minor children under circumstances suggesting Defendant was responsible for accidental death and domestic partner was also intended victim.

The Court finds that there are presently no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from

persons awaiting or serving sentences or being held in custody pending appeal.
The defendant will be afforded reasonable opportunity for private consultation
with counsel. On order of a Court of the United States or on request of any
attorney for the Government, the person in charge of the corrections facility in
which defendant is confined will deliver the defendant to a United States Marshal
for the purpose of an appearance in connection with a court proceeding.
[18 U.S.C. § 3142(i)]

Dated: November 13, 2018

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE